Mr. Willie Thomas c/o Bill Sadler, Public Affairs Projects Manager Arkansas State Police One State Police Plaza Drive Little Rock, AR 72209-4822
Dear Mr. Thomas:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether the custodian of records at the Arkansas State Police has correctly determined to release your resignation letter to a newspaper reporter under the provisions of the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§25-19-101 — 109 (Repl. 2002 and Supp. 2005). Specifically, you have enclosed a December 1, 2006 e-mail request from a newspaper reporter seeking a copy of your resignation letter.[1] You have also enclosed with your request a copy of an e-mail from the custodian of records stating that "[b]ased on the protocol set forth within the FOIA, specifically Arkansas Code Annotated 25-19-105(3)(A),[2] the Arkansas State Police has determined the record you have requested is not exempt from release and thereby releaseable." You state that you are seeking my opinion to "confirm the interpretation of the Custodian . . . whether this information is releasable and what information is going to be released."
RESPONSE
My statutory duty under the FOIA is to determine whether the decision of the custodian of records is consistent with the FOIA. Having not reviewed the actual resignation letter in question, I cannot make a conclusive determination as to whether the custodian's decision is consistent with the FOIA. If the resignation letter in question is devoid of any statements of a personal nature, however, so that its release would not constitute a "clearly unwarranted invasion of personal privacy," in my opinion the custodian's decision is consistent with the FOIA. I have set out below the principles of law that should be applied in determining the public nature of the document.
As I stated recently in Op. Att'y Gen. 2006-082:
 The disclosure of public employee resignation letters has been discussed many times in opinions of the Attorney General. The status of the law regarding the release of such letters was detailed by my predecessor in Op. Att'y Gen. 2002-320. In that opinion it was stated that: "[t]his office has consistently opined that letters of resignation generally constitute `personnel records,' within the meaning of the FOIA. See, e.g., Ops. Att'y Gen. Nos. 2002-006; 2001-276; 99-147; 99-119; 98-122; 95-162; 88-147." The FOIA, as you indicate, exempts from disclosure "personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2005). I have described the analysis undertaken pursuant to this test as follows:
 The FOIA . . . does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial. Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).
 * * * The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2003-336; 2003-201; 2001-101; 98-001.
 Op. Att'y Gen. 2004-260 at 2.
With regard specifically to resignation letters, the following discussion is relevant:
 The office has consistently taken the position that unless a letter of resignation contains statements that are of a personal nature, the release of the letter will not constitute a clearly unwarranted invasion of personal privacy, so as to be exempt from disclosure. See Ops. Att'y Gen. Nos. 2002-006; 2001-276; 97-063; 95-169; 95-162; 89-077. More specifically, this office has opined that a statement detailing the employee's intent to cease employment on a certain date and listing the justifications for taking such action does not implicate the privacy concerns reflected in A.C.A. § 25-19-105(b)(12). Id. If the resignation letter includes more detailed information of a personal nature, however, it may be exempt from disclosure. See, e.g., Op. Att'y Gen. No. 1996-088.
 Op. Att'y Gen. 2002-320 at 2-3.
 If the content of a particular resignation letter "is personal in nature, conveying personal and intimate details of the employee's life," it is exempt from disclosure. See Op. Att'y Gen. 1998-122; 1997-079; and 1996-088. However, "unless a letter of resignation contains statements that are of a personal nature, the letter will not implicate the privacy concerns reflected in A.C.A. § 25-19-105(b) (1[2]) so as to be exempt from disclosure. That is, unless the letter contains such personal statements, its disclosure will not constitute a clearly unwarranted invasion of personal privacy." See Op. Att'y Gen. 2001-276, citing Ops. Att'y Gen. Nos. 1998-122; 1997-063; 1995-169; 1995-162; and 1989-077. It has also been stated that if a resignation letter contains both information of a personal nature and information not of a personal nature, the former should be redacted and the balance of the information released. Op. Att'y Gen. 2002-320.
Id. at 1-3.
These are the principles that should be applied in determining whether to release the resignation letter at issue. The custodian has determined that the "record . . . is not exempt from release and thereby releaseable." If the resignation letter in question is devoid of any statements of a personal nature, so that its release would not constitute a "clearly unwarranted invasion of personal privacy," in my opinion the custodian's decision is consistent with the FOIA. Again, having not reviewed the actual letter in question, I cannot determine whether the custodian's decision is consistent with the FOIA in this instance.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE
Attorney General
MB:ECW/cyh
[1] The records you enclose also reflect that the same newspaper reporter made a November 30, 2006 FOIA request to the Arkansas State Police for a copy of an internal investigation surrounding a particular incident allegedly relating to your former employment. This request was denied by the custodian on the basis of the A.C.A. § 25-19-105(c)(1) exemption relating to "employee evaluation or job performance records."
[2] This reference is presumably to A.C.A. § 25-19-105(c)(3)(A) (Supp. 2005).